# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| MIKE HOOD,<br><br>       Plaintiff,<br><br>v.<br><br>TEXAS FARMERS INSURANCE COMPANY, FIRE INSURANCE EXCHANGE by Fire Underwriters Association, Attorney-in-Fact; FARMERS INSURANCE EXCHANGE by Farmers Underwriters Association, Attorney-in-Fact; Fire Insurance Exchange, Farmers Insurance Exchange, KIM GARDETTO, BRUCE LITMAN, and DOES 1 to 50,<br><br>       Defendants. | Case No.  D-101-CV-2016-00092 |

## NOTICE OF REMOVAL

Defendants Texas Farmers Insurance Company, Fire Insurance Exchange, Farmers Insurance Exchange, Kim Gardetto, and Bruce Litton (incorrectly named as "Litman") ("collectively Defendants")[1] hereby remove this action to the United States District Court for the District of New Mexico from the First Judicial District Court, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C.  § 1453.  This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

---

[1] Plaintiff references additional purported defendants in his Complaint – Farmers Group, Inc. and Mid-Century Insurance Company – which are not identified in the caption.  (*See* Ex. A, Complaint ¶¶ 1, 13, 17-18).  To the extent Hood wishes to correctly name these entities as additional defendants, he must amend his Complaint to do so.

I.       **Introduction and Background**

1.       Plaintiff Mike Hood ("Hood") on behalf of "himself and others similarly situated" filed a class action "Complaint for Damages for: 1) Breach of Contract; 2) Insurance Bad Faith; 3) Breach of Fiduciary Duties; 4) Violation of the Trade Practices and Frauds Act, NMSA 1978 §§ 59A-16-1 to -30; 5) Violation of the Unfair Practices Act, NMSA 1978 §§ 57-12 to -24 (1967, as amended through 2003) (the UPA)" in the First Judicial District Court, County of Santa Fe, State of New Mexico, Case No. D-101-CU-2016-00092 (hereinafter "State Court Action"). The Complaint is attached as Exhibit A to this Notice of Removal.

2.       Hood is a New Mexico citizen. (*See* Ex. A, Complaint ¶ 12). He rented a residence in Texas and purchased a Texas renters insurance policy from Defendants. (*Id.*).

3.       Hood alleges that in December 2012, his Texas residence was burglarized and personal property was stolen from him. (*Id.* ¶ 37). He alleges that, after submitting an insurance claim with Defendants, Defendants denied his claim. (*Id.* ¶ 44). In pursuing his claim, Hood contended the value of his allegedly stolen property was $24,215, and that Defendants should have paid him that amount. (*See* Exhibit B).

4.       Hood alleges that he and "similarly situated" individuals submitted insurance claims for loss of personal property items (commonly called "contents claims"). He alleges those contents claims were improperly denied by Defendants on the basis that the insureds failed to provide supporting documentation to demonstrate property loss. (*See* Ex. A, Complaint ¶¶ 26-31, 38-45). Hood alleges that Defendants' alleged "practice" of denying claims for failure to provide supporting documentation is contrary to the requirements of Defendants' policies and representations allegedly made by Defendants to Hood and similarly situated individuals. (*Id.*).

5.       Hood's Complaint asserts claims under New Mexico law for breach of contract, insurance bad faith, breach of fiduciary duty, violation of the Trade Practices and Frauds Act, and violation of the Unfair Trade Practices Act ("the UPA"). (*Id.* ¶¶ 75-99).

6.      This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), as codified at 28 U.S.C. § 1332(d)(2).  First, there is at least minimal diversity between the parties because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).  Second, the amount in controversy exceeds $5,000,000 (assuming total victory by Hood, as the Court must do in this context – though Defendants deny the Complaint's allegations).  Third, there are at least 100 members in the proposed class.

**II.**      **This Notice is Timely**

7.      Defendant Texas Farmers Insurance Company was served when it received the Summons and Complaint from the New Mexico Department of Insurance on February 8, 2016. (Ex. C, Gomez Declaration).  To the best of Defendants' knowledge, no other Defendants have been served.  Thus, this case is being removed within thirty (30) days of the date of service on the first-served defendant and less than one year after the filing of the State Court Action. Accordingly, this Notice of Removal is timely.

**III.**      **This Action is Removable Pursuant to the CAFA.**

8.      This action is removable pursuant to the jurisdictional and removal provisions in CAFA, including 28 U.S.C. §§ 1332(d) and 1453.

9.      CAFA amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by granting United States District Courts original jurisdiction over any class action that satisfies the following criteria : (a) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a State different from any defendant, 28 U.S.C. § 1332(d)(2)(A); (b) the aggregate claims of all the individual class members exceeds $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), (d)(6); (c) the proposed class of plaintiffs consists of at least 100 persons, 28 U.S.C. § 1332(d)(5)(B).

10.      Under CAFA, there is no presumption against removal jurisdiction; to the contrary, there is an expressed federal policy in favor of federal jurisdiction in class actions.

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"); *see also Evans v. Walter Indus.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006) (stating that "CAFA's language favors federal jurisdiction over class actions").

### There is Minimal Diversity

11.     Hood is a New Mexico citizen.  (Complaint ¶ 12, Ex. A).

12.     Defendant Texas Farmers Insurance Company is a Texas corporation with its principal place of business in Texas.  (Ex. D, Giles Declaration).  Texas Farmers Insurance Company is therefore a citizen of Texas for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)(1).  Farmers Insurance Exchange and Fire Insurance Exchange are reciprocal or inter-insurance exchanges organized and existing under California law, with their principal place of business in California.  (Ex. D, Giles Declaration).  Farmers Insurance Exchange and Fire Insurance Exchange are therefore citizens of California for diversity jurisdiction purposes under CAFA.  28 U.S.C. § 1332(d)(10).  Defendant Bruce Litton, a Claims Field Manager, is a Texas resident.  (Ex. E, Litton Declaration).  He is therefore a citizen of Texas for diversity jurisdiction purposes.  Defendant Kimberly Gardetto, a Claims Supervisor, is a Kansas resident.  (Ex. F, Gardetto Declaration).  She is therefore a citizen of Kansas for diversity jurisdiction purposes.

13.     Accordingly, based on the parties listed in the Complaint's caption,  "any member of a class of plaintiffs is a citizen of a State different from any defendant," which means there is at least minimal diversity as required under CAFA.  28 U.S.C. § 1332(d)(2).

14.     Furthermore, Hood identifies additional purported defendants in the body of his Complaint, and, for the sake of completeness, the citizenship of these defendants is provided here as well.  Farmers Group, Inc. is a Nevada corporation with its principal place of business in California.  (Ex. D, Giles Declaration).  Farmers Group, Inc. is therefore a citizen of Nevada and

California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1). Mid-Century Insurance Company is a California corporation with its principal place of business in California. (Ex. D, Giles Declaration). Mid-Century Insurance Company is therefore a citizen of California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1). Farmers Group, Inc. and Mid-Century Insurance Company are, therefore, citizens of different states than Hood and the members of his proposed class.

### "The Amount in Controversy" Exceeds $5,000,000

15.     A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). A "short and plain statement of the grounds for removal" is sufficient. *Id.* at 553, 190 L. Ed. 2d 495.

16.     "In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (alterations in original) (quoting *Jackson v, Am. Bankers Ins.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)).

17.     While Hood does not define the proposed class in his Complaint, he purports to sue on behalf of "all others similarly situated against" Defendants, and then in the body of his Complaint, purports to add Farmers Group, Inc. and Mid-Century to the list of defendants named in the case caption. (Ex. A, Complaint ¶¶ 1,13, 17-18). Because the claims in this lawsuit concern a Texas insurance policy covering an alleged property loss in Texas (*id.* ¶¶ 12, 37), the class necessarily includes individuals who (1) had Texas homeowners or renters policies with Defendants; (2) submitted claims for losses that occurred in Texas and involving contents (i.e., personal property); and (3) had their claims denied by Defendants without any payment.

18.     For purposes of this Notice of Removal, Defendants assume the "Relevant Time Period" to be at least four years prior to the date the Complaint was filed.  Hood, for example, is alleging claims under New Mexico law, including for example, the UPA.  The statute of limitations for UPA claims is four years.  *See Nance v. L.J. Dolloff Associates, Inc*., 2006 - NMCA- 012, 138 N.M. 851, 126 P.3d 1215 (2005).[2]

19.     Based on Farmers' computerized claims information and data, Defendants have estimated the dollar amount in controversy for the proposed class, exclusive of interest and costs, if Plaintiff and his proposed class prevail on all their claims as alleged in the Complaint.

20.     During the Relevant Time Period, at least 8,455 claims – seeking reimbursement for contents under Texas homeowners and renters policies – were denied without any payment made (as Hood alleges occurred on his claim).  Defendants estimate that over 11% of those contents claims were for reasons that could potentially be included in Plaintiff's proposed class.  Taking those claims on an annual basis, and multiplying times the average payment per contents claim, results in an estimated amount in controversy of over $6,800,000.  Thus, assuming a complete victory for Hood and the people in his proposed class, as the Court must at this stage, a plausible estimate of the amount in controversy exceeds the $5 million threshold.

21.     Even if not every such claimant is in Plaintiff's proposed class (something that cannot be ascertained without an individualized file-by-file review), the amount in controversy requirement would still be satisfied here.  This is illustrated by Hood's individual claim, particularly in light of his repeated allegation that he is "similarly situated" to those in his proposed class.  Assuming he has an average (that is, "similarly situated") claim, and considering that he personally sought $24,215 in his individual claim, there need only be 207 class members to reach the $5,000,000 amount in controversy threshold ($24,215 x 207 = $5,012,505).  Given

---

[2] To the extent Hood seeks a longer Relevant Time Period based on New Mexico's six year statute of limitations for breach of contract claims, the amount in controversy would be even higher.

that as many as 930 people may be in the proposed class (see above: 8,455 x .11 = 930), if even 25% of those people fit Hood's allegation of "similarly situated," the amount in controversy threshold is met.  The size of the claims and/or number of class members needed to support CAFA jurisdiction would be even smaller considering the available remedies under the UPA.  NMSA § 57-12-10(B)-(D); *see Woodmen of World Life Ins. Soc'y v. Manganaro,* 342 F.3d 1213, 1218 (10th Cir. 2003) (all available remedies under the UPA should be considered for purposes of the jurisdictional amount).

**The Number of Class Members Exceeds 100**

22.      Defendants contend that the number of class members referenced in 28 U.S.C. § 1332(d)(5) is an exception to jurisdiction, and thus it is Hood's burden to prove the class has fewer than 100 members.  *See Frazier v. Pioneer Americas LLC,* 455 F.3d 542, 546 (5th Cir. 2006) ("We hold that plaintiffs have the burden to show the applicability of the § 1332(d)(3)–(5) exceptions when jurisdiction turns on their application.").

23.      In any event, Hood's proposed class would be well in excess of 100 class members, as demonstrated by the above analysis (11% of 8,455 claims is 930 potential class members).

**IV.         Process, Pleadings, and Orders Served**

24.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached to this Notice of Removal as Exhibit A.  Copies of all other process, pleadings and orders known by Defendants to have been served on them (or otherwise filed in the State Court Action) are attached as Exhibit G.  *See also* Ex. H, Declaration of Counsel.

**V.          Notice of Filing Notice of Removal**

25.      In accordance with 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal, including a copy of this Notice of Removal (without the attached exhibits) is being filed with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico.  Copies of

both this Notice of Removal and Notice of Filing of Notice of Removal are being provided to Plaintiff.

## VI.       Conclusion

26.     This Notice of Removal is timely, and this Court has jurisdiction under 28 U.S.C. § 1332(d).  This Notice of Removal is signed pursuant to Federal Civil Procedure Rule 11.

27.     Throughout this Notice of Removal, Defendants in no way concede that Hood or the persons he seeks to represent are entitled to any of the relief sought.  For purposes of the amount in controversy requirement, "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover."  *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.  That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").  Defendants reserve the right to contest Hood's and his proposed class' entitlement to any relief, either individual or class-based.[3]

THEREFORE, Defendants remove this case from State Court to this Federal Court and respectfully request that this Court make whatever orders are necessary to effect the removal of the State Court Action to this Court and to effect the preparation of filing of a true record in this cause of all proceedings that may have been had in the State Court action.

DATED:  March 2, 2016

---

[3] Defendants reserve all other defenses, including without limitation, that New Mexico is not the proper forum or venue for this action given the material connections between Texas and the insurance policy at issue and the alleged theft of personal property, and, further, that most of the witnesses are located outside New Mexico.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: s/*Ryan M. Walters*
        Ryan M. Walters
        Attorneys for Defendants
        201 Third Street NW, Suite 1950
        Albuquerque, NM 87102-4388
        Tel: 505.764.5400
        Fax: 505.764.5480
        E-mail: rwalters@lrrc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2016, I filed this Notice of Removal electronically through the CM/ECF system and mailed the foregoing to the following:

Mike Hood
352 State Road 76
Santa Cruz, NM  87567
mike@hoodcorporation.com
*Plaintiff In Pro Per*

s/ *Ryan M Walters*
Ryan M Walters