IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE HOOD,

        Plaintiff,

v.                                          1:16-cv-00151-JB-LF

TEXAS FARMERS INSURANCE
COMPANY, FIRE INSURANCE
EXCHANGE by Fire Underwriters
Association, Attorney-in-Fact; FARMERS
INSURANCE EXCHANGE by Farmers
Underwriters Association, Attorney-in-Fact;
Fire Insurance Exchange, Farmers Insurance
Exchange, KIM GARDETTO, BRUCE
LITMAN, and DOES 1 to 50,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on its Order to Show Cause. Doc. 17. The

Honorable District Judge James O. Browning referred this case to me pursuant to 28 U.S.C. §§

636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir.

1990), to recommend to the Court an ultimate disposition. Doc. 12.

I issued an order to show cause on April 14, 2016, that required plaintiff Mike Hood—

within 21 days—to show cause as to why the Court should not dismiss his class action

complaint. *Id*. Judge Browning stayed this case until June 21, 2016. Doc. 16. Consequently, I

amended the order to show cause and ordered plaintiff to respond to it no later than July 6, 2016.

*See* Docs 18, 22. Plaintiff did not file a written response as ordered.

Plaintiff initiated this lawsuit in the First Judicial District Court for the State of New

Mexico, County of Santa Fe, alleging a variety of state law claims against a multitude of

defendants.  *See* Doc. 1-1.  Plaintiff purports to bring his action "on behalf of himself and all others similarly situated."  Doc. 1-1 at 1.  Plaintiff is not represented by counsel and is not an attorney licensed to practice law in the state of New Mexico.  Defendants removed the case to this Court alleging that it has "original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)." [1]  Doc. 1 at 3.

The Tenth Circuit Court of Appeals has held unequivocally that while a plaintiff appearing *pro se* may bring claims on his own behalf, he cannot bring claims on behalf of a class.  In *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000), the court explained that "[u]nder Rule 23(a)(4), a class representative must 'fairly and adequately protect the interests of the class.'"  Therefore, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Id.* (internal citations omitted).

> The rule against pro se representation of others is particularly important in class actions because class litigation must comply with the complex and demanding requirements of Rule 23 of the Federal Rules of Civil Procedure.  Indeed, Rule 23(g) requires appointment of class counsel, unless otherwise provided by statute.  *See also* Rule 23(c)(1)(B) (requiring appointment of class counsel when district court certifies class).

*Ransom v. U.S. Postal Serv*., 170 F. App'x 525, 529 (10th Cir. 2006) (unpublished).  The class action complaint filed by plaintiff warrants dismissal on this ground.  *Id.*

---

[1] 28 U.S.C. § 1332(d)(2) states:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Therefore, I recommend that the Court dismiss plaintiff's class action complaint without prejudice.  I further recommend that should the Court adopt this recommendation, that the Court allow plaintiff 21 days to amend his complaint.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

Laura Fashing
United State Magistrate Judge