IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE HOOD,

    Plaintiff,

v.

TEXAS FARMERS INSURANCE
COMPANY, FIRE INSURANCE EXCHANGE
by Fire Underwriters Association, Attorney-in-
Fact; FARMERS INSURANCE EXCHANGE
by Farmers Underwriters Association, Attorney-
in-Fact; FIRE INSURANCE EXCHANGE,
FARMERS INSURANCE EXCHANGE, KIM
GARDETTO, BRUCE LITMAN, and DOES 1
to 50,

    Defendants.

1:16-cv-00151-JB-LF

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on plaintiff Mike Hood's Request for Relief from Dismissal filed January 9, 2017. Doc. 28. Defendant Farmers Insurance Exchange ("Farmers") filed a response on January 23, 2017. Doc. 29. Mr. Hood did not file a reply. The Honorable James O. Browning referred this case to me pursuant to 28 U.S.C. §§ 636(1)(B), (b)(3) and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), to perform any legal analysis and recommend to the Court an ultimate disposition of the case. Doc. 30. Having reviewed the submissions of the parties and the relevant law, I find that Mr. Hood's request for relief from dismissal is without merit and recommend that the Court DENY his motion to reopen this case.

    **I.**    **Procedural Posture**

On April 14, 2016, I issued an order to show cause that required Mr. Hood to file a written explanation showing good cause why his class action complaint should not be dismissed.

Doc. 17 at 2.  The order to show cause explained that as a pro se party, Mr. Hood could not bring claims on behalf of others.  *Id.*  Mr. Hood's response to the order to show case was initially due no later than May 5, 2016.  *Id*.  At the parties' request, Judge Browning stayed the case for 60 days (Doc. 16), and I amended my order to make Mr. Hood's response to the order to show cause due 14 days after the stay was lifted (Doc. 18).  Mr. Hood was required to respond to the order to show cause no later than July 6, 2016.  Doc. 22.  Mr. Hood did not file a written response to the order to show cause.  Consequently, I issued my Proposed Findings and Recommended Disposition ("PF&RD") recommending that the Court dismiss Mr. Hood's class action complaint without prejudice, and allowing him 21 days after adoption of the PF&RD to amend his complaint.  Doc. 23 at 3.  The PF&RD advised Mr. Hood—in bold face type—that he could file written objections to the PF&RD and warned him that failure to file such objections would waive appellate review.  *Id.*  Mr. Hood did not file any objections to the PF&RD.

On August 31, 2016, Judge Browning adopted my PF&RD and granted Mr. Hood 21 days to amend his complaint.  Doc. 24.  On September 9, 2016, during the 21-day period, the Court amended its memorandum opinion and order adopting the PF&RD and gave Mr. Hood 21 days from its amended order to file an amended complaint, effectively giving Mr. Hood 30 days to file an amended complaint.  Doc. 25 at 9.  In his memorandum opinion and order adopting the PF&RD, Judge Browning warned, "[i]f Hood fails to amend his complaint within twenty-one days, the Court will dismiss his Complaint with prejudice."  *Id*. at 9.  Mr. Hood did not file an amended complaint.  Accordingly, Judge Browning issued a Final Judgment on October 31, 2016, dismissing Mr. Hood's complaint with prejudice.  Doc. 26.  More than two months after the case was closed, and six months from the deadline to respond to the order to show cause, Mr. Hood filed the instant motion requesting relief from judgment.

## II.     Discussion

Mr. Hood asks that the Court reopen the case pursuant to Rule 60(b)(1). Federal Rule of Civil Procedure 60(b)(1) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal citation and quotation omitted). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id*. To justify Rule 60(b) relief, a party's "litigation mistake" or "neglect" must be "excusable." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). "Carelessness by a litigant . . . does not afford a basis for relief under Rule 60(b)(1)." *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The Supreme Court has explained that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). "With regard to determining whether a party's neglect of a deadline is excusable," district courts should take "account of all relevant circumstances surrounding the party's omission." *Id.* at 395. "Relevant factors include the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (internal citation and quotation omitted). The Tenth Circuit has stated that "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Id*. at 856–57 (quoting *United States v. Torres*, 372

F.3d 1159, 1163 (10th Cir. 2004) (analyzing the excusable neglect standard in the context of Federal Rule of Appellate Procedure 4(b)(4), where the party filed an untimely notice of appeal)). The movant bears the burden of demonstrating the existence of excusable neglect that would entitle him to relief. *See, e.g.*, *Culbertson v. Holder*, 2014 WL 3845129, at *2 (D. Kan. Aug. 5, 2014) ("The party making the motion has the burden of pleading and proving excusable neglect."); *Schnuelle v. C & C Auto Sales, Inc.*, 196 F.R.D. 395, 397 (D. Kan. 2000) ("The burden falls upon the party moving to have the judgment set aside to both plead and prove mistake, inadvertence, surprise, or excusable neglect.").

In his motion, Mr. Hood explains that he did not intend to file the case as a class action. Doc. 28 at 3. He believed that by agreeing to "a stipulation" with defendant, he had agreed he was proceeding only on behalf of himself. Doc. 28 at 5. The parties submitted two joint motions: one accepting service by Farmers and to dismiss certain defendants (Doc. 13); and one to stay the litigation (Doc. 14). Mr. Hood does not indicate to which "stipulation" he refers. Regardless, neither of these motions—or the orders granting them—indicates that the action was not filed on behalf of a class or that those allegations should be stricken. Docs. 13–16. Further, the stipulations did not—and could not—amend Mr. Hood's complaint or substitute as a response to the order to show cause. *See* FED. R. CIV. P. 15 (procedure for amending a complaint); Doc. 17 (order to show cause filed after the joint motions had been granted).

Mr. Hood's explanation for his failure to meet the Court's deadlines does not constitute excusable neglect. As Farmers points out, the Court issued five orders, including the recommended disposition that notified Mr. Hood of this obligation to take action to avoid dismissal. Doc. 29 at 5 (citing Docs. 17, 22, 23, 24, and 25). Mr. Hood failed to respond to the order to show cause, object to the PF&RD, or amend his complaint. Mr. Hood contends that he

4

was "away from the area because he work required him to relocate to Tennessee" and that "his office assistant no longer worked for [him]." Doc. 28 at 5.  Mr. Hood does not explain why being away from the area prevented him from participating in this case.  Mr. Hood does not contend that he did not receive the orders of the Court or that his remoteness was coupled with a circumstance that would prevent him from sending and receiving mail or email, or otherwise prevent the diligent pursuit of his claims.

Mr. Hood asks the Court to forgive his failure to respond to the Court's orders, file objections, or amend his complaint because he is not an attorney.  *Id.*  "Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (internal quotation marks omitted)).  Mr. Hood had numerous opportunities to adhere to the rules and orders of this Court but failed to do so.  I do not recommend reopening a case that has been closed since October 31, 2016, based solely on Mr. Hood's pro se status.

### III. Conclusion

For the reasons stated above, I recommend that the Court DENY Mr. Hood's Request for Relief from Dismissal (Doc. 28).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge